254 So.2d 351

**Billy PAYTON**

**v.**

**STATE.**

**3 Div. 53.**

Court of Criminal Appeals of Alabama.

Nov. 2, 1971.

L. H. Walden, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

ALMON, Judge.

Appellant was convicted in the Circuit Court of Autauga County of grand larceny

and sentenced to six years in the penitentiary. From that judgment he appeals.

The evidence showed that appellant and two other men, Robert L. Combs and Ronald Butler, were stopped and arrested in the City of Montgomery by Montgomery City Police acting on a police radio dispatch. The police officers found two rifles and two shotguns in the rear floorboard of appellant's automobile and approximately forty or fifty other similar type guns in the trunk. At no time during the arrest or search of appellant's automobile trunk did the police officers have either an arrest or search warrant. These rifles and shotguns, etc., were later identified as those taken from a hardware store in Prattville.

Before trial appellant moved to suppress evidence of the guns contending that the arrest and search were illegal. At the hearing on appellant's motion to suppress, the evidence tended to show that the day after the guns were reported stolen in Prattville, Officer Cecil H. Humphrey of the Montgomery Police Department received a telephone call from an informer. This informer told Officer Humphrey that three men, one named Butler and two others who used to be policemen, were en route to Fleming Road in Montgomery with four guns in the automobile, two rifles and two shotguns, and approximately forty to fifty guns in the trunk. The informer told Officer Humphrey that he had actually seen the guns in the automobile. He further stated that these men would be in a pink Ambassador automobile and gave the license tag number.

Officer Humphrey testified that the informer had given him reliable information on four or five different occasions and that the information had led to subsequent convictions in court. Acting on this information Officer Humphrey caused a police radio dispatch to be issued calling for the arrest of the occupants of this particular automobile.

Officers Luther M. Mears and Tom Lenyo, acting in response to the radio dispatch, apprehended appellant, Robert Combs and Ronald Butler near the intersection of Court Street and Fleming Road. They were in a 1965 pink Rambler. Officer Mears ordered appellant and his two companions out of their automobile and immediately placed them under arrest. In the process he observed two rifles and two shotguns on the rear floorboard of appellant's automobile. Soon thereafter Officer Humphrey and another police officer arrived at the scene of the arrest and after a conversation Officer Humphrey asked appellant if it would be all right if he looked in the trunk of the automobile, to which appellant replied, "The keys are in the switch." The search of the trunk revealed forty or fifty guns, identified as those stolen from a hardware store in Prattville.

The evidence further showed that the appellant was a former member of the Montgomery Police Department and knew both Officers Mears and Humphrey. At one time he was on the same shift with Mears and that Mears was familiar with appellant's automobile.

The appellant, Robert Combs and Ronald Butler each testified at the hearing on the motion to suppress the evidence. Their testimony was to the effect that they had bought the guns in question for $750.00 and were attempting to make a sale. Each denied being involved in the taking of the guns from the hardware store. All three testified that Officer Humphrey did not ask permission to look in the trunk of the automobile.

■ Hearsay information from an unidentified informer may be the basis for a finding of probable cause provided some of the underlying circumstances from which the informer concluded the stolen guns were in appellant's possession and further provided there is some basis for determining that the information is reliable. Aguilar v. State of Texas, 378 U.S. 108, 84 S.

Ct. 1509, 12 L.Ed.2d 723. Here a reliable informer, who had previously furnished police with information on four or five different occasions which subsequently led to convictions, reported to the police that he had just seen the stolen guns in appellant's possession and gave details as to exact location of the guns in the automobile and where appellant and his companions could be located.

Moreover, where the initial impetus for an arrest is an informer's tip, information gathered by the arresting officers can be used to sustain a finding of probable cause. This additional information acquired at the time of arrest must in some way however be corroborative of the informer's tip. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; Clenney v. State, 281 Ala. 9, 198 So.2d 293.

When Officer Mears and his companion arrested appellant and when Officer Humphrey, who caused the radio dispatch to be issued, arrived at the scene of the arrest certainly the situation they observed there was exactly as the informer said it would be.

We conclude there was ample probable cause to arrest appellant without a warrant. Tit. 15, § 154, Code of Alabama, 1940.

There is of course no problem whatsoever with the seizure of the four guns on the rear floorboard of appellant's automobile as they were in plain view.

The subsequent search of the trunk of the automobile presents a different situation. Even though the testimony was conflicting on whether the appellant consented to this search, there was sufficient evidence from which the trial judge could find an intelligent waiver. According to the police officers, appellant was asked if it would be all right if they searched his trunk, to which appellant replied, "The keys are in the switch." We are of the opinion that the trial judge was in a better position to interpret the meaning of appellant's reply than a reviewing court. The reasonableness of any search must be examined in the context of the factual setting in which it occurred. Here, certain factors point to a valid consent—(1) appellant was an intelligent person who realized the import of the officer's request; (2) there was no evidence of coercion; (3) his reply to the request of the officer was immediate and unhesitating; and (4) appellant was a former police officer and it is certainly inferable from the record that he was aware of his rights with regard to a search of his automobile. Taken together, these facts lead us to the conclusion that the trial court committed no error in denying appellant's motion to suppress.

An equally valid basis for upholding this search is found in the rationale of Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419. In *Chambers* the United States Supreme Court held that where police had probable cause to believe that robbers, carrying guns and fruits of crime, had fled the scene of the crime in a light blue compact station wagon carrying four men, one wearing a green sweater and another wearing a trench coat, police had probable cause to stop the automobile and search it without a warrant. The Court, relying heavily on Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 453, reasoned as follows:

"In enforcing the Fourth Amendment's prohibition against unreasonable searches and seizures, the Court has insisted upon probable cause as a minimum requirement for a reasonable search permitted by the Constitution. As a general rule, it has also required the judgment of a magistrate on the probable-cause issue and the issuance of a warrant before a search is made. Only in exigent circumstances will the judgment of the police as to probable cause serve as a sufficient authorization for a search. Carroll, supra, holds a search warrant unnecessary where there is probable cause to search an automobile stopped on the highway; the car is movable, the occupants are

alerted, and the car's contents may never be found again if a warrant must be obtained. Hence an immediate search is constitutionally permissible."

The facts in the instant case for allowing a warrantless search are equally as compelling as those in *Chambers*. In both cases all occupants of each vehicle were arrested. To answer the argument that the automobile should have been impounded and the matter presented to a magistrate, the Court stated:

"Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the 'lesser' intrusion is permissible until the magistrate authorizes the 'greater.' But which is the 'greater' and which the 'lesser' intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment."

 Venue may be proven by circumstantial evidence. The requisite proof was adduced by the State when it connected appellant with recent possession of stolen property and showed that the larceny of the property occurred in Autauga County.

 Lastly, appellant contends that the trial court erred in its oral charge to the jury by stating in substance that the burden was on the appellant to explain to the satisfaction of the jury his possession of the stolen property. Specifically, objection was made to the following portion of the judge's oral charge:

"Now, the burden is on the State to prove stealing of property, and recent possession of stolen goods imposes on the possessor the burden, or onus, of explaining his possession, and a *presumption of guilt* arises from failure to explain, which will support a conviction. And, it is for you to determine the reasonableness of any explanation of possession of recently stolen property; that is within your province, and it is for you to determine those facts." (Emphasis added.)

This charge has been condemned as reversible error in several cases. Hale v. State, 45 Ala.App. 97, 225 So.2d 787; Haynes v. State, 45 Ala.App. 31, 222 So.2d 183; Odom v. State, 44 Ala.App. 534, 215 So.2d 596.

For the giving of the above charge, the judgment appealed from must be reversed and the cause remanded for a new trial.

Reversed and remanded.