261 So.2d 445

Talmadge SHANEYFELT

v.

STATE.

7 Div. 11.

Court of Criminal Appeals of Alabama.

Feb. 8, 1972.

Rowan S. Bone, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and Charles H. Barnes, Asst. Atty. Gen., for the State.

---

PER CURIAM.

Appellant was convicted of transporting prohibited liquors in quantities of five gallons or more in violation of Tit. 29, § 187, Code of Alabama, 1940, as recompiled 1958. His sentence was fixed at two years in the penitentiary.

On the afternoon of December 10, 1966, State's witnesses Duke and Hatley, Deputies in the Sheriff's Department of Etowah County, saw appellant driving a 1956 two-tone Chrysler automobile in Gadsden. They stopped him and talked with him briefly. No attempt to search him or his automobile was made and all parties proceeded on their way. The deputies drove to the Etowah County Courthouse where witness Arnold Hatley claimed he received information from an informant who said that appellant would be coming through Gadsden shortly in the Chrysler automobile with a load of beer. The witness claimed that the informant had proven reliable and trustworthy on other occasions when he had given him accurate information with regard to law violations.

The two deputies proceeded to the home of the Clerk of the Circuit Court, Mr. Howard Kirby, and there secured a search warrant. They then proceeded back to the Meighan Bridge in East Gadsden, and within a short time appellant came along and they fell in behind his car in the line of traffic. Appellant pulled over, stopped his car, got out, and started back toward them and, laughingly, said, "Well, the only difference between now and this afternoon, I've got it this time and I didn't have it then." He also stated that he had a little beer. Appellant was not under arrest at the time he made these statements, and the officers claimed that they showed him the search warrant and he did not resist the search of his automobile. The trunk of the automobile revealed thirty cases of beer. He was then arrested and lodged in the county jail.

Appellant did not testify, nor did he offer any testimony in his defense.

Appellant filed a motion for a new trial which was overruled by the court. In the motion, among other grounds, he claims that the court was in error in admitting, over objection, the affidavit and search warrant issued by the clerk of the court to the officers. In the opinion of this Court there is merit in this contention.

Sufficient facts are not averred in the affidavit to meet the rule laid down in Clenney v. State, 281 Ala. 9, 198 So.2d 293; Myrick v. State, 45 Ala.App. 162, 227 So.2d 448.

But we think the error in admitting into evidence the affidavit and search warrant was harmless because under the facts taken as a whole the officers had probable cause for searching the appellant's automobile without a warrant and the evidence of the beer found in the automobile was properly admitted by the court.

 The information received by the officers from the telephone call at the courthouse, together with the remark of the appellant, made just before the search, "Well, the only difference between now and this afternoon, I've got it this time and I didn't have it then." and the further statement that he had a little beer, gave the officers probable cause to search.

 In Payton v. State, Ala.App., 254 So.2d 351,[1] a case dealing with the search of an automobile without a search warrant, this Court said:

"Moreover, where the initial impetus for an arrest is an informer's tip, information gathered by the arresting officers can be used to sustain a finding of probable cause."

This additional information acquired at the time of the arrest must in some way however be corroborative of the informer's tip. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; *Clenney,* supra.

 Appellant further complains of error in the refusal of the court to give several charges in writing requested by him. The court did give forty written charges by the appellant and refused seven. Most of these charges deal with the law of reasonable doubt and are thoroughly covered by the oral charge of the court or some of the charges given at the request of the appellant.

Charges 10 and 11 are affirmative in nature and were properly refused by the court.

Charge 25 has been specifically condemned by this Court in Richardson v. State, 33 Ala.App. 40, 29 So.2d 883.

It is not necessary to set these charges out individually since they are either faulty or fully covered by the given charges and the oral charge of the court when considered in connection with them.

We have carefully read the record and see no reason to prolong this opinion. We find no reversible error and the cause is due to be affirmed.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Affirmed.

PRICE, P. J., and CATES, ALMON and TYSON, JJ., concur.