BOWEN W. SIMMONS, Supernumerary Circuit Judge.
Jury and verdict convicted appellant-defendant on an information filed in the circuit court wherein he was charged with bookmaking or pool-selling or keeping a place for such practices. Being more specific, he was charged with housing and operating facilities for betting on the outcome of sporting events; baseball, football, horse racing, etc. Title 14, § 261 and § 278, Recompiled Code 1958. The jury left the punishment to the court. The trial judge sentenced him to imprisonment in the county jail for “six (6) months at hard labor.”
The prosecution was initiated in the General Sessions Court of Madison County wherein he entered a plea of not guilty and upon issue joined on such plea, was convicted and lawful punishment imposed and judgment entered therefor. He appealed from this judgment to the circuit court, demanded a jury trial, and again was convicted on an information filed by the District Attorney.
ON MOTION TO SUPPRESS
Defendant filed a motion to quash a search warrant that was issued and to suppress evidence. This motion was heard on evidence taken outside the presence of the jury. The motion at the conclusion of the hearing was overruled.
I
Appellant here complains that the trial court committed reversible error in refusing to require the disclosure of the identity of the confidential informer who furnished the officer “obtaining the search warrant and the arresting officers” with the only possible basis for probable cause.
With this last statement, we are not in accord. There were other bases for “probable cause.” We quote Sections 3 to 9 of the affidavit which is a predicate relied on by the magistrate (the judge of the General Sessions Court) for issuing the search warrant that authorized the search of the designated premises that housed the gambling facilities:
“(3) Affiant further says that a confidential informant stated to him that on December 15,1974, he called telephone number 539-3407 and obtained line information pertaining to professional football games being played that weekend; and a few minutes later, called telephone number 539-3408 and placed a bet on a professional football game to be played that weekend.
“(4) Affiant further says that telephone numbers 539-3407 and 539-3408 are listed to Robert Earl at 2101 Kildare Street, Apartment # 6, Huntsville, Alabama.
*827 “(5) Affiant further says that Federal Bureau of Investigation agents stationed in Huntsville, Alabama, stated that they have information that Robert Earl Ruck-er is receiving bets on sporting events at telephone numbers 539-3407 and 539-3408 at 2101 Kildare Street, Apartment # 6, Huntsville, Alabama.
“(6) Affiant further says that on November 14, 1974, that the Huntsville News published articles stating that Robert Earl Rucker was involved in a bookmaking operation and was using telephone numbers 539-3797 and 539-3798.
“(7) Affiant further says that he has knowledge of persons operating a bookmaking operation frequently changing telephone numbers to disguise the operation.
“(8) Affiant further says that Robert Earl Rucker is known to keep on his person a small notebook with the code numbers for the names of the bettors who place bets with him.
“(9) Affiant further says that Robert Earl Rucker has the reputation of being a gambler among law enforcement officers in Madison County, Alabama.”
The Supreme Court of the United States in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, made some observations which we quote:
“What is usually referred to as the informer’s privilege is in reality the Government’s privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. Scher v. United States, 305 U.S. 251, 254, 59 S.Ct. 174, 176, 83 L.Ed. 151; In re Quarles and Butler, 158 U.S. 532, 15 S.Ct. 959, 39 L.Ed. 1080; Vogel v. Gruaz, 110 U.S. 311, 316, 4 S.Ct. 12,14, 28 L.Ed. 158. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.
* * * * * *
“A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer’s identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action. Most of the federal cases involving this limitation on the scope of the informer’s privilege have arisen where the legality of a search without a warrant is in issue and the communications of an informer are claimed to establish probable cause. In these cases the Government has been required to disclose the identity of the informant unless there was sufficient evidence apart from his confidential communication.
* * # * * *
“We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual’s right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer’s testimony, and other relevant factors.” (Footnotes omitted.) (Emphasis supplied.)
We hold that there was sufficient information apart from the informer’s communication to support issuance of the search warrant. We refer to paragraphs 5, 6, 7, 8 and 9, supra. There was no question of identity here involved.
Taking into consideration the facts in this case, the crime charged, the possible defenses, the significance of the informant’s communication, and other relevant facts, we *828 think in this case the furtherance and protection of public interest far outweighs any value to defendant’s defense. He did not take the stand and assert any defense to this charge. He preferred to remain silent, as he had a constitutional right to do, and rely on a technical defense. We fail to see how he was prejudiced by a nondisclosure of the informer’s identity. The search warrant was lawfully authorized by the affidavit showing the existence of probable cause. There are numerous cases on the subject, but each one presents a different factual situation that would unduly lengthen this opinion. We do not see in this case that defendant suffered any prejudice by the nondisclosure of the informer’s identity.
II
Appellant next asserts that the court erred in permitting, over his objection, the introduction into evidence of the search warrant, for want of proper identifying evidence by the officer who served the instrument. We think identifying evidence was sufficiently adduced to justify the admission in evidence of such warrant and the return of only one warrant and only one affidavit was made. We decline to hold that such admissions resulted in prejudice to the defendant.
III
In a third assignment, appellant contends that he was denied due process under the Fourth Amendment to the United States Constitution in the admissibility “of the evidence of the fruits of the search based upon a search warrant with the accompanying affidavit issued without probable cause.”
We have held, supra, that the affidavit showed probable cause. We hold that the affidavit, supra, set forth the existence of probable cause of sufficient substance to authorize issuance of the search warrant.
IV
This assignment asserts the trial court committed reversible error in not arraigning the defendant prior to the time of trial. Under the circumstances, we are not in accord with this contention.
We think it is reasonably clear from the record and the evidence taken on defendant’s motion for a new trial that the defendant was not formally arraigned in the circuit court and called on to plead to the information which the District Attorney filed pursuant to law. It does appear that defendant, in the presence of his attorney specifically waived reading the information to him and stated to the court that he understood that he was charged with bookmaking. (Tr. 51-52)
After this waiver, the trial proceeded on a regular basis. The State introduced a witness to establish the allegations contained in the information and the defense cross-examined the witness as though a formal plea of not guilty had been entered. The defendant suffered no disadvantages by reason of the absence of a formal plea of not guilty. He introduced one witness, but as we noted above, he did not take the stand, although he was privileged to do so. The case was tried on its merits on the theory that defendant was relying on a plea of not guilty.
The court gave many written charges at defendant’s request. They were premised on defendant’s innocence and that he was not guilty.
The trend of the new rules of court procedure now controlling is to get away from technical disposition of cases and to reach the merits of the dispute. This is a very good case to observe this new trend. We conclude that the failure of the trial court to ask defendant how he pleads was a technical and harmless omission that did not deny defendant any rights. The trial was supervised by an excellent judge, fair-minded and neutral, and defendant was accorded a fair trial on an implied issue of not guilty. To reverse and remand this case on such a technical omission would cast a shadow on justice.
It is true that defendant was entitled under the law to assert an affirmative defense of not guilty by reason of insanity. *829 Such a defense is not embraced in a plea of not guilty, but must be asserted in a special plea. It must be done at the time of arraignment and entered of record upon the docket of the court. But it is within the sound discretion of the court to be subsequently interposed. Baker v. State, 209 Ala. 142, 145, 95 So. 467.
It appears in this ease that when the defendant waived reading the information, counsel for defendant being present, he and his counsel remained as quiet as a mouse treading on a bale of cotton, and not then or subsequently, did they invoke the court to permit them to file an insanity plea or to proceed with such a defense. To have done so, if ever they had such intention, might have “muddied” the waters and invited the court’s attention to the technical omission of a formal arraignment. Having failed to avail themselves of this invocation as was the right of defendant, we conclude that the defendant had no such defense that he could establish — the burden being on him. Title 15, § 422, Code 1940.
We also note that the judgment contains a statement that the defendant was arraigned in open court and that he entered a plea of not guilty.
It appears that this statement is not correct and that, from the record, no formal arraignment was ever had.
It further appears from the proceedings had on the motion for a new trial that defendant in the General Sessions Court entered a plea of not guilty, was tried, convicted and then he appealed to the circuit court for a trial de novo.
We think it is very unlikely and incredible that defendant would have entered any plea on formal arraignment other than the plea of not guilty. He was tried the second time on that basis, without any objection or effort to advise the court that he wanted to file a different plea. He was given all the advantages of such a plea, and now we do not think he should be heard to complain. He was speculating and will not now be heard to assert error. He got a fair trial, before a just court and jury, and had the opportunity to present evidence that he was not guilty. We do not think he is entitled to have the judgment reversed and the cause remanded.
V
We now allude to the contention that the court entered a judgment of conviction in the absence of a plea of not guilty having been entered by defendant.
Under the facts of this case to which we have alluded, supra, we hold that the entry of judgment was free of error.
The judgment is affirmed.
AFFIRMED.
DeCARLO, J., concurs.
HARRIS, J., concurs in the result.
TYSON and BOOKOUT, JJ., dissent.