Charles Edward McClellan, the appellant, was indicted and convicted for the possession of cocaine and marijuana. Sentence was two years' imprisonment and a $1,000 fine. Five issues are raised on appeal.
 I
It was not error to admit the search warrant into evidence.Rucker v. State, 340 So.2d 825, 828 (Ala.Cr.App.), cert. quashed, 340 So.2d 830 (Ala. 1976); Shaneyfelt v. State,48 Ala. App. 26, 27-8, 261 So.2d 445, cert. denied, 288 Ala. 750,261 So.2d 447 (1972). See also Horn v. State, 22 Ala. App. 66,111 So. 452 (1927) (The only purpose for which an affidavit and warrant of arrest is admissible is to show that the offense charged was committed before the institution of the prosecution). At trial, defense counsel's objection was, simply, "Objection". No grounds were stated. "If only a general objection is interposed, or only general grounds are assigned in support of the objection, no error results in overruling the objection unless the evidence is illegal for any purpose and cannot be made legal by other evidence or by supplying additional evidence." Lawrence v. State, 409 So.2d 987, 989
(Ala.Cr.App. 1982). "A valid or apparently valid writ, warrant, or affidavit on which the issuance of a warrant is based has frequently been held admissible in evidence; but such a warrant or affidavit is not admissible to establish the truth of facts or statements recited therein when such recitals relate to the offense charged, especially, in the case of an affidavit, where affiant did not have personal knowledge of the statements set out." 23 C.J.S. Criminal Law § 846 (1961) (footnotes omitted).
 II
"As a general rule, an affidavit is not admissible for the purpose of proving the truth of the matter stated in it because the affidavit is hearsay since the declarant is not present and not subject to cross-examination by the opposing party." C. Gamble, McElroy's Alabama Evidence § 260.01 (3rd ed. 1977). See also Eldridge v. State, 415 So.2d 1190, 1198 (Ala.Cr.App. 1982). However, in this case there was no error in the admission of the affidavit to the search warrant. On cross examination of State Narcotics Agent Grady Gibson, defense counsel questioned Gibson, the affiant, *Page 911 
as to a portion of the contents of his affidavit.
Defense counsel objected to the admission of the affidavit because it had no probative value. The trial judge admitted the document and stated: "I believe that he [defense counsel] opened it up by asking questions about it." "[W]hen part of a conversation or transaction is put in evidence, the opposite party may rightfully call for the whole of it, although the evidence was in the first place illegal." Stockard v. State,391 So.2d 1060, 1064 (Ala. 1980).
Here, the affidavit contained Officer Gibson's statement that an "informant stated that he had observed a quantity of marijuana in possession of a white male known to him as Eddie McClellan." There was no mention of cocaine in the affidavit. This same information had been placed before the jury by defense counsel in his cross examination of the officer before the affidavit was introduced into evidence. For this reason, the error in the admission of the affidavit was harmless.Eldridge, supra. Furthermore, any possible error was rendered harmless when McClellan admitted possession of the marijuana in testifying in his own defense.
 III
In this case, the informant was not a material witness or a participant in a criminal transaction. United States v.Skramstad, 649 F.2d 1259, 1265 (8th Cir. 1981). There has been no showing that the disclosure of his identity was necessary to insure a fair trial. Roviaro v. United States, 353 U.S. 53,77 S.Ct. 623, 1 L.Ed.2d 639 (1957); Hatton v. State,359 So.2d 822, 830 (Ala.Cr.App. 1977), cert. quashed, 359 So.2d 832 (Ala. 1978). Here, McClellan only speculates that the informant's testimony could "possibly" show that the meeting between the informant and Officer Gibson could not have occurred as Gibson had testified. See United States v. Halbert, 668 F.2d 489, 496
(10th Cir.), cert. denied, 456 U.S. 934, 102 S.Ct. 1989,72 L.Ed.2d 453 (1982). Since McClellan has demonstrated no actual need for disclosure, it was within the discretion of the trial judge to prevent defense counsel from establishing the time of the meeting between the informant and Officer Gibson.
 IV
There was no violation of Alabama's "knock and announce" statute in the execution of the search warrant. Alabama Code §15-5-9 (1975).
Tallassee Police Officer Billy Clayton testified that when the officers arrived at McClellan's house to execute the warrant, he saw McClellan sitting in a chair inside the house. Officer Clayton testified that "[a]s we pulled up in the yard he looked directly at us and immediately jumped out of the chair and started toward the back of the house." Clayton noticed that McClellan had a bag in his hand.
Narcotics Agent Gibson testified that he "saw Mr. McClellan through the window in the house. And, as we pulled up in the yard, he got up and ran in — Well, he ran towards the bathroom. I pursued him inside the house telling him that we were police officers, and we had a search warrant for his arrest." McClellan was discovered in a bathroom attempting to flush marijuana down the commode.
McClellan testified that when he saw the officers he "took off" because he "wanted to flush the marijuana."
The facts of this case furnish the exigent circumstances which constitute an exception to the knock and announce rule and which justify the officers' conduct. The officers' conduct and immediate entry into the house were necessary to prevent the destruction of evidence. Laffitte v. State, 370 So.2d 1108,1110 (Ala.Cr.App.), cert. denied, Ex parte Laffitte,370 So.2d 1111 (Ala. 1979). See also Irwin v. State, 415 So.2d 1181
(Ala.Cr.App.), cert. denied, 459 U.S. 971, 103 S.Ct. 302,74 L.Ed.2d 283 (1982). We find that the warrant was properly executed. *Page 912 
 V
After the trial judge had sentenced McClellan to two years' imprisonment, the Assistant District Attorney stated: "Judge, it also requires some mandatory fine." The trial judge then stated: "In addition to that you will have to pay a fine of $1,000.00."
There is no mandatory fine upon a conviction for possession of controlled substances under Alabama Code § 20-2-70 (1975). The imposition of a fine in such cases is entirely within the discretion of the trial judge. Since this matter was brought to the attention of the trial judge in the motion for new trial and since he declined to amend his sentence, we must assume that he intended to impose the fine and was not misled by the "misrepresentation" of the District Attorney.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.