The appellant pleaded guilty to possession of marijuana in the first degree, in violation of § 13A-12-213, Code ofAlabama 1975, and received a three-year suspended sentence to be served on probation. He was fined $250, was ordered to pay *Page 1285 
$250 to the victims' compensation fund, and was assessed court costs. Simultaneously with entering a plea of guilt, the appellant reserved his right to appeal on grounds that the marijuana seized was the product of an unlawful search and seizure.
The evidence presented by the State at the suppression hearing tended to show the following: Officer Randy Bishop of the Daphne Police Department testified that he came into contact with the appellant after he stopped an automobile in which the appellant was a passenger. Officer Bishop testified that he stopped the car between 1:00 a.m. and 3:00 a.m. in a business district where numerous burglaries had recently occurred. Officer Bishop further testified that he stopped the car because "[h]e thought it to be a little out of place" for three white males to be driving in that section of town at that time of the morning. After relaying the car's tag number to police headquarters, Officer Bishop discovered that the license of the driver of the car had either been suspended or revoked. As Officer Bishop was checking this information, Officer Scott Podstata pulled up in a separate vehicle. Officer Podstata testified that while Officer Bishop tended to the driver of the car, he checked the appellant and a third passenger for weapons. Upon finding no weapons, Officer Podstata allowed the men to return to the car. Upon learning that an alias warrant had been issued for the appellant, Officer Podstata returned to the car and noticed the appellant "stuffing a bag down his pants." The appellant was then searched a second time, and a plastic bag containing what appeared to be marijuana was found in the waistband of his pants. Officer Podstata further testified that earlier that night, while on routine patrol, he had observed the car in which appellant was travelling through the commercial area of the City of Daphne several times. However, he was not the officer who made the initial stop.
The appellant argues that because Officer Bishop did not have a sufficient reason to stop the vehicle in which he was a passenger, the marijuana found on his person was the fruit of an illegal stop and should have been suppressed. The State argues that the testimony of Officer Bishop, along with the testimony of Officer Podstata, established a sufficient particularized basis justifying the initial stop of the vehicle.
The standard of reasonable suspicion is discussed inHarris v. State, 568 So.2d 421, 422 (Ala.Cr.App. 1990), as follows:
 "Section 15-5-30, Code of Alabama (1975), authorizes the police, without probable cause, to 'stop any person abroad in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or other public offense and [to] demand of him, his name, address and explanation of his actions.' Thus, a person may be stopped and questioned for investigatory purposes although the circumstances fall short of the probable case requirement. Scurlock v. State, 487 So.2d 286 (Ala.Cr.App. 1986).
 " ' "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and to allow a crime to occur or a criminal to escape. On the contrary, Terry [v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968),] recognizes that it may be the essence of good police work to adopt an intermediate response. See [Terry, 392 U.S.] at 23, 88 S.Ct. at 1881. A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." Adams v. Williams, 407 U.S. 143, 145-46, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972).'
 "Walker v. City of Mobile, 508 So.2d 1209, 1212 (Ala.Cr.App. 1987)."
Additionally, in Lamar v. State, 578 So.2d 1382, 1385
(Ala.Cr.App. 1991), this court held:
 "The standard of reasonable suspicion is less rigorous than the standard of probable cause, see Fowler v. State, 453 So.2d 1089, 1091
(Ala.Cr.App. 1984); Crawley v. State, 440 So.2d 1148, 1149 (Ala.Cr.App. 1983), requiring only that the officers *Page 1286 
have 'specific, particularized, and articulable reasons indicating that the person may be involved in criminal activity,' Hickman v. State, 548 So.2d 1077, 1080 (Ala.Cr.App. 1989). 'To determine whether an officer's suspicion of criminal activity was reasonable, a court must evaluate the totality of the circumstances as they appeared to the officer at the time of the stop.' United States v. Ocampo, 890 F.2d 1363, 1368 (7th Cir. 1989)."
Here, the record indicates that Officer Bishop lacked articulable suspicion that criminal activity was afoot. There was no indication that Officer Bishop and Officer Podstata were working together so that the knowledge of one officer may be imputed to the other for purposes of determining "probable cause" to stop. McReynolds v. State, 441 So.2d 1016
(Ala.Cr.App. 1983). Therefore, the validity of the stop rests on whether Officer Bishop, who made the stop without any assistance from or contact with Officer Podstata, had a "reasonable suspicion" that a crime had been or was about to be committed. Knight v. State, 346 So.2d 478 (Ala.Cr.App. 1977). "A police officer may not rely on good faith, inarticulable hunches, or generalized suspicions to meet theTerry standard of reasonable suspicion." ProjectIV: Georgetown Law Journal; Vol. 79, p. 616 (April 1991).
An examination of the record compels us to conclude that Officer Bishop, at the time he initially stopped the car in which the appellant was a passenger, did not have the requisite "reasonable suspicion." Therefore, the marijuana found on the appellant should have been suppressed because it was the "fruit of the poisonous tree."
REVERSED AND REMANDED.
All Judges concur, with BOWEN, J., concurring specially with opinion.
TAYLOR, J., joins.
MONTIEL, J., dissents with opinion.