TAYLOR, Presiding Judge
(dissenting).
I respectfully dissent from the unpublished memorandum in this case, which holds that the trial court correctly denied the appellant’s motion to suppress. The police officer’s actions in stopping the appellant in this case were not justified under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Under Terry and its progeny, a law enforcement officer is authorized to stop any person the officer reasonably believes is involved in criminal activity in order to question that person. See § 15-5-30, Code of Alabama 1975.
Here, the officer testified that the appellant did not appear to be involved in criminal activity. He acknowledged that he stopped the appellant because he was walking down the street at 2:00 a.m. in a high drug traffic area and because he had crossed the street twice. This court has repeatedly held that the fact that persons are engaged in seemingly lawful activity, even late at night, in a high crime area do not give law enforcement reasonable suspicion for a Terry stop. New v. State, [Ms. CR-94-908, July 28, 1995] — So.2d — (Ala.Cr.App.1995); Childs v. State, [Ms. CR-94-98, May 26, 1995] — So.2d-(Ala.Cr.App.1995); Duckworth v. State, 612 So.2d 1284 (Ala.Cr.App.1992); Harris v. State, 568 So.2d 421 (Ala.Cr.App.1990); Gaskin v. State, 565 So.2d 675 (Ala.Cr.App.1990); State v. Bodereck, 549 So.2d 542 (Ala.Cr.App.1989). It appears from the officer’s testimony that he followed the appellant as he walked slowly down several streets, waiting for him to do something suspicious. The officer did not have reasonable suspicion required by Terry to stop the appellant.
Additionally, the officer did not have probable cause to arrest the appellant for public intoxication. Section 13A-11-10, Code of Alabama 1975, states:
“A person commits the crime of public intoxication if he appears in a public place under the influence of alcohol, narcotics or other drug to the degree that he endangers himself or another person or property, or by boisterous and offensive conduct annoys another person in his vicinity.”
(Emphasis added.)
The officer testified that the appellant was not boisterous, was not offensive, and was not staggering. The appellant admitted to having consumed six beers. The officer testified that he thought the appellant was endangering himself by walking a few feet out in the street rather than on the sidewalk. However, the appellant was walking on an empty street at 2:00 a.m. This court has recently held that intoxication or drunkenness in and of itself is not sufficient to violate § 13A-11-10. B.S.L. v. State, 671 So.2d 133, 134 (Ala.Cr.App.1995). Rather, the state must show that the accused was “boisterous” or “offensive” or endangering himself or herself or others or property, which it did not do. B.S.L., 671 So.2d at 134. The officer did not have probable cause to arrest the appellant for public intoxication.
Therefore, I must dissent.