703 So.2d 427 (1997)
S.W.
v.
STATE.
CR-95-1471.
Court of Criminal Appeals of Alabama.
April 18, 1997.
Rehearing Denied June 20, 1997.
Certiorari Denied August 29, 1997.
*428 Andrew A. Smith, Northport, for appellant.
Bill Pryor, atty. gen., and Gail Ingram Hampton, asst. atty. gen., for appellee.
Alabama Supreme Court 1961663.
COBB, Judge.
The appellant, S.W., was convicted on April 25, 1996, as a youthful offender, of possession of burglar's tools and unlawfully breaking and entering a vehicle. See §§ 13A-7-8 and 13A-8-11(b), Ala.Code 1975. He was sentenced to serve one year and one day in the penitentiary for each offense. The sentences were to run concurrently. S.W. raises three issues on appeal.

I.
S.W. argues that the trial court erred in ruling that evidence that had previously been held inadmissible and suppressed in a separate district court proceeding was admissible in the circuit court trial.
At the time of his arrest for breaking and entering a vehicle and possession of burglar's tools, S.W. was also charged with receiving stolen property in the third degree, a misdemeanor. All of the charges arose from the same set of circumstances and were based upon evidence gathered during a search of a vehicle. During proceedings related solely to the misdemeanor charge, the district court ruled that the evidence gathered as a result of the search of the vehicle was inadmissible and ordered the evidence suppressed. The misdemeanor count was later dismissed.
S.W. now argues that the trial court erred in admitting in his trial of the two felony offenses evidence gathered as a result of the search of the vehicle when that evidence had already been held inadmissible in district court. S.W. argues that the doctrine of collateral estoppel prohibited the circuit court from admitting the evidence. We find this argument without merit.
The doctrine of collateral estoppel, as applied in criminal cases, emanates from both the double jeopardy clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.
"`Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."
Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). In Ashe, the Court held that the doctrine of collateral estoppel barred the prosecution of one accused of the armed robbery of a participant in a poker game after the accused had previously been found by a jury to be not guilty of the robbery of another participant in the *429 same game where the identity of the defendant as one of the robbers was the only disputed issue. The application of collateral estoppel to rulings other than the final judgment of a jury as to the ultimate question of guilt has also been addressed by the United States Supreme Court. In United States v. Oppenheimer, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916), Justice Holmes discussed the doctrine of res judicata as applied to criminal cases, and held that the strict wording of the Double Jeopardy Clause could not be held to deny the constitutional guarantees of due process and fundamental fairness:
"Upon the merits the proposition of the government is that the doctrine of res judicata does not exist for criminal cases except in the modified form of the 5th Amendment, that a person shall not be subject for the same offense to be twice put in jeopardy of life or limb; and the conclusion is drawn that a decision upon a plea in bar cannot prevent a second trial when the defendant never has been in jeopardy in the sense of being before a jury upon the facts of the offense charged. It seems that the mere statement of the position should be its own answer. It cannot be that the safeguards of the person, so often and so rightly mentioned with solemn reverence, are less than those that protect from a liability in debt. It cannot be that a judgment of acquittal on the grounds of the statute of limitations is less a protection against a second trial than a judgment upon the ground of innocence, or that such a judgment is any more effective when entered by the government's consent before a jury is empaneled; or that it is conclusive if entered upon the general issue..., but if upon a special plea of the statute permits the defendant to be prosecuted again. We do not suppose it would be doubted that a judgment upon a demurrer to the merits would be a bar to a second indictment in the same words....
"Of course, the quashing of a bad indictment is no bar to a prosecution upon a good one, but a judgment for a defendant upon the ground that the prosecution is barred goes to his liability as matter of substantive law, and one judgment that he is free as matter of substantive law is as good as another. A plea of the statute of limitations is a plea to the merits ... and however the issue was raised in the former case, after a judgment upon it, it could not be reopened in a later prosecution....
"The safeguard provided by the constitution against the gravest abuses has tended to give the impression that when it did not apply in terms, there was no other principle that could. But the 5th amendment was not intended to do away with what in the civil law is a fundamental principle of justice ... in order, when a man has been acquitted on the merits, to enable the government to prosecute him a second time."
242 U.S. at 87-88, 37 S.Ct. at 69 (citations omitted).
There remain, however, conflicting lines of authority in lower courts as to whether the doctrine of collateral estoppel applies to a court's ruling on a motion to suppress evidence. See, e.g., State v. Greenwood, 565 P.2d 701 (Okla.Crim.App.1977); Cook v. State, 35 Md.App. 430, 371 A.2d 433 (1977), aff'd, 281 Md. 665, 381 A.2d 671 (1978), cert. denied 439 U.S. 839, 99 S.Ct. 126, 58 L.Ed.2d 136 (1978) (both holding that collateral estoppel does not require the prosecutor to abide by a former court decree suppressing evidence because it is not a "final judgment on the merits"); contra, United States ex rel. DiGiangiemo v. Regan, 528 F.2d 1262 (2d Cir.1975), cert. denied, 426 U.S. 950, 96 S.Ct. 3172, 49 L.Ed.2d 1187 (1976); State v. Doucet, 359 So.2d 1239 (La.1977) (both holding that the definition of "final judgment," for purposes of the application of the doctrine of collateral estoppel, applies to a trial court's ruling on a motion to suppress). However, we need not address this issue for one reason, which is fatal to Webb's argument. The State, in the instant case, had no opportunity to appeal the district court's order suppressing the evidence.
The State argues correctly that the ruling of the district court to suppress the evidence gathered as a result of the search of the vehicle was not a "valid and final" judgment as to an ultimate issue of fact as is necessary for the doctrine of collateral estoppel to apply. Because there was no opportunity to *430 appeal the ruling of the district court judge regarding the suppression of the evidence, that judgment is not "final" as anticipated by the doctrine of collateral estoppel. In addressing this issue, the Second Circuit has stated:
"For purposes of issue preclusion, `"final judgment" includes any prior adjudication of an issue in another action between the parties that is determined to be sufficiently firm to be accorded conclusive effect,' ALI, Restatement of Judgments 2d, Tent. Draft No. 1, § 41 (1973); Lummus Co. v. Commonwealth Oil Refining Co., 297 F.2d 80, 87-90 (2d Cir.1961), cert. denied, 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962); Zdanok v. Glidden Co., 327 F.2d 944, 955 (2d Cir.), cert. denied, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964). Factors supporting a conclusion that a decision is final for this purpose are `that the parties were fully heard, that the court supported its decision with a reasoned opinion, [and] that the decision was subject to appeal or was in fact reviewed on appeal.' Restatement, supra, § 41 at 7."
DiGiangiemo, 528 F.2d at 1265. The Louisiana Supreme Court, following DiGiangiemo, held that, "[a]ssuming that the State has had an opportunity for a full hearing on suppression and an adequate opportunity for review, due process would forbid relitigation of the issue determined adversely to it." Doucet, 359 So.2d at 1244 (footnote omitted).
Rule 15.7(a), Ala. R.Crim. P., provides that in a felony case the State may appeal from a pre-trial order of a circuit court which suppresses evidence. However, in a misdemeanor case the State has no right to appeal from an unfavorable evidentiary ruling entered in a district court. Therefore the trial court was not barred from ruling the evidence gathered as a result of the search of the vehicle was admissible.

II.
S.W. argues that the trial court erred in denying his motion to suppress evidence obtained through what, he says, was an unreasonable search of the vehicle that he was driving. S.W. contends that the officer who stopped the vehicle, under the circumstances, lacked the "reasonable suspicion" required by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), for temporarily detaining and questioning him. S.W. argues that the stop of the vehicle and the resulting search violated his rights under the Fourth Amendment to the United States Constitution. Consequently, S.W. argues that the evidence gathered as a result of the subsequent search of the car should have been suppressed. We find that the trial court committed no error in denying Webb's motion to suppress.
"Articulating precisely what `reasonable suspicion' and `probable cause' mean is not possible. they are common sense, nontechnical conceptions that deal with `"the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."' Illinois v. Gates, 462 U.S. 213, 231, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983) (quoting Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949))."
Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). This Court, in Worthy v. State, 473 So.2d 634 (Ala.Cr.App.1985), summarized the standards set forth by Terry and subsequent cases:
"In order to justify the brief investigatory detention of an individual, a police officer does not have to have probable cause to arrest the person for a crime. Terry, 392 U.S. at 27, 88 S.Ct. at 1883; Spradley v. State, 414 So.2d 170, 173 (Ala.Cr.App. 1982). Although there is `no simple shorthand verbal formula which can adequately express the grounds for a Terry stop', 3 LaFave [Search and Seizure] at § 9.3, p. 40, 1985 Pocket Part, `the essence of all that has been written is that the totality of the circumstancesthe whole picture must be taken into account. Based upon that whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.' United States v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981)."
473 So.2d at 637 (emphasis added).
The uncontroverted testimony of the Officer Walter Mellown, who stopped the appellant's *431 vehicle and performed the subsequent search, set out the following relevant facts. Mellown testified that while on patrol at approximately 4:30 a.m. on August 5, 1994, he was dispatched to Pride's Court Apartments in response to what had been coded as a "prowler call"someone had reported the sound of broken glass to the dispatcher. Mellown testified that the apartment complex was located in a high crime area that had recently been plagued with a series of automobile burglaries. Mellown testified that he was approaching the apartment complex a few minutes after the call when he noticed an automobile slowly pulling out of a dark area approximately one or one and onehalf blocks away. Mellown testified that he saw no other people moving around the area, either on foot or in vehicles. Mellown testified that he followed the vehicle and pulled it over after a short distance. Mellown testified that S.W. was driving the vehicle and that there were two male passengers. When Mellown asked them to get out of the vehicle so that he could question them, he noticed an unmounted radar detector, screwdrivers, and a broken spark plug on the floorboard of the car. Mellown testified that broken spark plugs were commonly used in automobile break-ins. Mellown, communicating with other officers who had arrived, later determined that a car at the apartments had, in fact, been burglarized and that the radar detector found in S.W.'s vehicle had been stolen from the car.
In light of the circumstances surrounding the stop of the vehicle, we hold that Mellown had a sufficiently particularized and objective basis for suspecting that the occupants of S.W.'s vehicle may have been involved in criminal activity. In light of the fact that a call had been made to the police in the immediately preceding minutes reporting that breaking glass had been heard in the area, which was experiencing numerous automobile break-ins, Mellown had a legitimate reason to believe that the only people moving about in the area, at 4:30 a.m., may have been involved in criminal activity.
S.W. has cited Duckworth v. State, 612 So.2d 1284 (Ala.Cr.App.1992), in support of his position. In Duckworth, this Court held it was unreasonable for an officer to stop a car late at night in an high crime area simply because the vehicle "looked out of place." Duckworth is easily distinguishable from the instant case in that the stop was not made by an officer who had been dispatched to an area where possible ongoing criminal activity had been reported.
After viewing the totality of the circumstances surrounding the stop, we hold that the trial court did not err in denying S.W.'s motion to suppress evidence seized during the search of the vehicle.

III.
S.W. argues that the trial court erred in denying his motion for a judgment of acquittal because, he says, the State failed to present a prima facie case of unlawful breaking and entering of a vehicle against him. We find S.W.'s argument without merit.
The State's evidence in this case tended to show that S.W. was found to be in possession of property that had recently been stolen from a vehicle close to the area where the stop occurred. The unexplained possession of recently stolen property is a circumstance from which the finder of fact can infer that the person in possession of the property is guilty of stealing it. See, Chadwick v. State, 47 Ala.App. 529, 258 So.2d 62 (Ala.Cr.App.1972). The trial court committed no error in denying the motion for a judgment of acquittal.
For the above-stated reasons, we hold that the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.