173 So.2d 403

**Eddie V. SOPCJAK**

v.

**STATE.**

**1 Div. 996.**

Court of Appeals of Alabama.

March 23, 1965.

M. A. Marsal, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a judgment of guilt (on verdict) of receiving stolen property. The court pronounced a ten-year sentence.

On pages 72 and 73 of the record appear two search warrants issued on affidavits reciting that affiant personally appeared before the issuing magistrate and deposed that he "has probable cause for *believing* that there is stored, * * *" etc. (Italics added.) Cf. Code 1940, T. 15, § 105.

Whatever deficiency under Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159; Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, and Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, may reside in the use of the equivocal term without any detail of what led to the conclusory "probable cause" we leave to another occasion. See United States v. Ventresca, 85 S.Ct. 741. Anno. 14 A.L.R.2d 605.

Here the affiant did not appear before the issuing magistrate (R. 146 and 147). Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, and Aguilar v. State of Texas, supra, require reversal of the judgment. The warrants were void in toto since

a judicial [1] (as distinguished from an executive) determination of probable cause to search is an inherent component of due process of law. Constitution 1901, § 5; Brown v. State, 42 Ala.App. 429, 167 So.2d 281; Knox v. State, ante p. 578, 172 So.2d 787 (Dec. 15, 1964).

The pretrial motion to suppress is no longer a condition precedent to questioning the validity of a search. Brown v. State, 277 Ala. 108, 167 So.2d 291.

The judgment below is reversed and the cause remanded for proceedings consistent herewith.

Reversed and remanded.

PRICE, P. J., not sitting.

1. Code 1940, T. 15, §§ 103 and 104, carrying out Cons., § 5, provide:
"§ 103. The magistrate, before issuing the warrant, must examine on oath the complainant and any witness he may produce, and take their depositions in writing, and cause them to be subscribed by the persons making them; and the depositions must set forth facts tending to establish the grounds of the application, or probable cause for believing that they exist.

"§ 104. If the magistrate is satisfied of the existence of the grounds of the application, or that there is probable ground to believe their existence, he must issue a search warrant signed by him, directed to the sheriff, or to any constable of the county, commanding him forthwith to search the person or place named for the property specified, and to bring it before the magistrate."