221 So.2d 117

**David Ralph Howell WHITE**

**v.**

**STATE.**

**7 Div. 914.**

Court of Appeals of Alabama.

Jan. 7, 1969.

Rehearing Denied Jan. 28, 1969.

Woodrow Albea and W. O. MacMahon, III, Anniston, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

CATES, Judge.

We submit the following as a substantial paraphrase from the appellant's brief:

The indictment had three counts. Count One was second degree burglary. Count Two grand larceny, while Three charged buying, receiving or concealing stolen property.

The jury returned a verdict of "guilty as charged" in Count Three of the indictment.

On October 27, 1967, the defendant was sentenced to the State penitentiary for a term of one year and one day.

I.

Frank Pope testified that he was away from home from about 6 until 10 P. M. on June 6, 1967. Upon his return home, he found a window screen taken out. He discovered certain items missing and notified the Piedmont city police. Later that night he identified items that were admitted in evidence and stated that he was the owner of them. On cross examination he stated that he had known Mike Wester all of his life and that Mike was his nephew.

J. D. Word testified that he was on duty the night of June 6, 1967. He stated that he received a call on his car radio that someone had gone to a service station and gotten some gas and cigarettes and ran off without paying for it. He then investigated and was told that the car was a yellow 1960 Chevrolet that went toward Georgia. He then went to another station and questioned several people in a car who said they had paid for the gas. He arrested the several people who were in the car and carried them to the Piedmont City Hall. He identified a shotgun case, a rifle and shotgun which were lying on the front seat of the car.

He also said that he saw the defendant standing at the back of the automobile at the second service station, but did not arrest him at that time and place. He later received a call from the station that one was overlooked and who was walking up the highway. This witness then testified that he went up the highway and picked up the defendant, White. On the way back to town he got a call on the radio that this fellow was suspected in a burglary. When they got back to the police station the defendant was searched and a pocket knife, a transistor radio, five dollars in bills, a Saint Regis pocket watch and a gold watch were taken from his person. On cross examination this witness admitted that he arrested the defendant for "investigation". He also admitted that he did not have a search warrant at the time the defendant was searched at the City Hall. He answered that the defendant was not drunk and was not molesting anyone at the time of the arrest.

## II.

It is argued on behalf of White that (1) a search incident to a lawful arrest must be made "at the same time and place of arrest," and (2) officer Word had no knowledge at the time of picking up White that the latter had any involvement in the commission of a felony.

Code 1940, T. 15, § 154, reads as follows:

"§ 154. An officer may also arrest any person, without warrant, on any day and at any time, for any public offense committed, or a breach of the peace threatened in his presence; or when a felony has been committed, though not in his presence, by the person arrested, or when a felony has been committed, and he has reasonable cause to believe that the person arrested committed it; or when he has reasonable cause to believe that the person arrested has committed a felony, although it may afterwards appear that a felony had not in fact been committed; or on a charge made, upon reasonable cause, that the person arrested has committed a felony."

The occasion of White's being searched is much like that in Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142. There the court said:

"There are limits to the permissible scope of a warrantless search incident to a lawful arrest, but we proceed on the premise that, if the arrest itself was lawful, those limits were not exceeded here. See Harris v. United States, 331 U.S. 145, [67 S.Ct. 1098, 91 L.Ed. 1399]; United States v. Rabinowitz, 339 U.S. 56 [70 S.Ct. 430, 94 L.Ed. 653]; cf. Preston v. United States, 376 U.S. 364, [84 S.Ct. 881, 11 L.Ed.2d 777]. The constitutional validity of the search in this case then, must depend upon the constitutional validity of the petitioner's arrest. Whether that arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense. Brinegar v. United States, 338 U.S. 160, 175–176, [69 S.Ct. 1302, 93 L.Ed. 1879]; Henry v. United States, 361 U.S. 98, 102, [80 S.Ct. 168, 4 L.Ed. 2d 134]. 'The rule of probable cause is a practical, nontechnical conception af-

fording the best compromise that has been found for accommodating * * * often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice.' Brinegar v. United States, *supra,* at 176, [69 S.Ct. at 1311]."

Also, we could quote as pertinent here much of what Mr. Justice Lawson wrote in Duncan v. State, 278 Ala. 145, 176 So.2d 840. Succinctly, we encapsulate the following:

"When a police officer arrests without a warrant, and the defendant objects to the introduction of evidence claimed to be incident to such an arrest, the burden is on the State to show that the arrest was lawful. Knox v. State, [42 Ala. App. 578, 172 So.2d 787]. * * *"

It follows that the search of White's person followed an unlawful arrest. Hindsight will not supply the deficiency. Pigg v. United States, 8 Cir., 337 F.2d 302, which should be compared with United States ex rel. McCullers v. McMann, 2 Cir., 370 F.2d 757.

The judgment below is reversed and the cause is remanded there for new trial.

Reversed and remanded.