312 So.2d 596

**Billy BURROW**

v.

**STATE.**

**8 Div. 609.**

Court of Criminal Appeals of Alabama.

May 6, 1975.

Charles C. Dawson, Scottsboro, for appellant.

William J. Baxley, Atty. Gen., and James S. Ward, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant was convicted of assault with intent to murder and sentenced to imprisonment in the penitentiary for a term of 14 years.

It is very clear from the testimony in the lower court that a question of fact was presented and the court properly submitted the guilt or innocence of the appellant to the jury.

The sufficiency of the evidence is not actually before this court since no motion for a new trial, request for the affirmative charge, motion to exclude the evidence or other effort to invoke a ruling by the trial court was made. Eady v. State, 48 Ala.App. 726, 267 So.2d 516; Sashner v. State, 48 Ala.App. 246, 263 So. 2d 701. However, as indicated above, no such contention in the lower court would have availed appellant anything and, therefore, he has lost nothing by counsel's failure to present these matters to the trial court.

Counsel for appellant contends that the arrest of appellant, along with the seizure of the knife, later offered in evidence by the State, was illegal because the officers making the arrest of the appellant at his home did not have a warrant authorizing such an arrest.

The arrest of the appellant was made on April 4, 1974, and the corrected copy of the record shows the issuance of a warrant by the Jackson County Court on April 4, 1974, based on an affidavit made on that date by Tony Sanders, the person alleged to have been injured. The return of the warrant was dated April 5, 1974.

However, in the opinion of the court, it is of no consequence whether or not the arresting officers had a warrant in their possession or knew of a warrant at the time the arrest was made on the night of April 4. One of the arresting officers, shortly before the arrest was made, had visited Tony Sanders, the injured person, in the emergency room of the hospital and had been advised by him that the appellant had wielded the knife which caused the injuries to Sanders, and from the information given the officer he had reasonable grounds to make the arrest without the aid of a warrant. We think Title 15, Section 154, Code of Alabama, 1940, Recompiled 1958, is applicable to the circumstances of this case.

In the case of Aaron v. State, 271 Ala. 70, 122 So.2d 360, the Supreme Court said,

"Under the provisions of Section 154, Title 15, Code 1940, an officer may arrest any person for a felony, although not committed in his presence, if he has reasonable cause to believe that the person arrested committed the offense."

Before an arrest can be justified under this statute, the testimony must show that the officer had reasonable cause to arrest the individual and reasonable cause has been defined as,

"A state of facts in the mind of the officer making the arrest which would lead a man of ordinary prudence to believe that a felony has been committed and the person to be arrested is guilty of committing it." Sellers v. State, 48 Ala.App. 178, 263 So.2d 156.

As pointed out in Yeager v. State, 281 Ala. 651, 207 So.2d 125, it is important in determining the credibility of the information received by the officer to look to its source, which in the case at hand was the person injured.

■ Therefore, where an officer has received information from a creditable source leading to the reasonable belief on the part of the officer that a person has committed a felony, it does not appear to be necessary to obtain a warrant in order to effect his arrest. Seals v. State, 282 Ala. 586, 213 So.2d 645.

Further, if we assume as true appellant's argument that no warrant had been issued at the time of the arrest, still the arrest was not invalid if the arresting officers had reasonable cause. *(Authority heretofore cited.)*

Objection was made to the introduction of the knife, allegedly used by the appellant in cutting State witness Tony Sanders, on the ground that it had not been proven to be the weapon used by appellant earlier in the evening during the altercation. The objection was overruled by the court. Later in the trial the same objection was made, the same ground assigned and the same ruling made by the court. On cross-examination of appellant he readily admitted the knife introduced by the State in evidence as the one allegedly used in the cutting was his (appellant's) and was the identical knife used by him in the difficulty.

■ The argument in brief is made that the introduction of the knife was error because it was seized by the officers in making the alleged illegal arrest. However, as shown above, the grounds of the objection made in the lower court were not based upon this proposition. Where objection is made in a criminal prosecution on specified grounds, all other grounds are deemed to be waived. Lackey v. State, 41 Ala.App. 46, 123 So.2d 186; Robinson v. State, 40 Ala. App. 101, 108 So.2d 188.

We have responded to the substance of the argument of appellant for a reversal in this case and in addition thereto have carefully examined the record for any error that might appear. It appears to the court that the case was carefully tried and the rights of the appellant were safeguarded throughout. No error appearing, this cause is due to be affirmed.

Affirmed.

All the Judges concur.