The appellant was indicted and convicted for the rape of a sixteen year old girl. Punishment was set by the jury at ten years imprisonment. The appellant is represented by retained counsel.
The evidence presented by the state tends to show that the appellant and Paul Ashley, on the night of September 24, 1976, followed the prosecutrix, her sister, and another female when the three girls left the Recreation Center in Guntersville, Alabama. The appellant, driving his red Cougar *Page 326 
automobile, forced the prosecutrix to stop her car on a mountain road and gained entrance to her car at gunpoint and by threat. During this time the sister of the prosecutrix managed to escape after being threatened and chased by the appellant.
The appellant drove the prosecutrix against her will into the adjoining county of Madison, forced her into his own automobile, in which his confederate Ashley had followed, and returned to Marshall County. There he made the prosecutrix and the other girl undress and then raped the prosecutrix two different times. While the appellant was in the woods with the prosecutrix, Ashley had sexual intercourse with the other girl in the back seat of the appellant's automobile. The appellant then drove the two girls back to the automobile of the prosecutrix, which had been left in Madison County, and released them.
Returning to Guntersville, the appellant's automobile ran out of gasoline. Ashley and the appellant caught a ride with a stranger, Robert Reese, driving a red Ford Fairlane.
After her escape, the sister of the prosecutrix went home and told her mother of the "kidnapping". The Marshall County Sheriff's Office was notified and a search began for the two missing girls, Ashley and another man, and a red Cougar automobile. Both the prosecutrix and her sister testified that they knew Ashley but they had never seen the appellant before that night.
Spotting the red Ford, two deputies of the Marshall County Sheriff's Office followed the car until it stopped for a red light. The deputies then pulled up beside the Ford and requested that the occupants identify themselves. Upon learning that Ashley was in the Ford, the two deputies placed all three occupants of the automobile under arrest for kidnapping. A search of the appellant disclosed a .38 caliber derringer.
The only issue raised on appeal is the asserted lack of probable cause to arrest the appellant. This necessitates a review of those specific facts material to a finding of probable cause.
Marshall County Deputy Jim Pickett testified that he received a notification by radio about an alleged kidnapping shortly after midnight on September 24, 1976; that he "spoke to" the prosecutrix's sister who had escaped from the appellant and that she described the automobile of the appellant as being red in color and having "Buster" or "Duster" written on it. Officer Pickett later learned that the automobile was a red Cougar. After interviewing the sister of the prosecutrix, Officer Pickett contacted his lieutenant and "got further information from him and was looking for one Paul Ashley" and one other man.
Shortly thereafter, Pickett received a radio call that the girls had been "dropped" and the subjects were returning to Guntersville. Roadblocks were established and within a short time Pickett observed the lights of an approaching automobile go out and come back on "as if trying to signal". Seeing that it was a red car containing at least two individuals, Pickett followed it even though it did not have "Buster" written on it and was a red Ford Fairlane and not a red Cougar.
 "So the way people mistake cars, that was a red car and about where it should be at the right time for that time of night. And it was a fastback-type. I could see at least two people in it. I knew we was looking for at least two."
Deputy Pickett came alongside the red Ford at a traffic light, "waved for the people to hold up a minute", and requested that they identify themselves. Upon learning that Ashley was in the automobile, Pickett and his partner turned on the blue light on the patrol car and arrested all three occupants of the car for kidnapping. Because the sister of the prosecutrix had reported being chased with a pistol, Deputy Pickett drew his weapon and, with his partner, searched the three suspects. A .38 caliber derringer was found on the appellant. Pickett testified that, at the time these suspects were apprehended, the arresting officers had no information concerning the appellant's involvement in any crime but did have information that two suspects were involved. *Page 327 
The information available to the deputy sheriffs was more than sufficient to justify the stopping of the automobile.Rutherford v. State, 48 Ala. App. 289, 264 So.2d 210 (1972);Youngblood v. State, 47 Ala. App. 571, 258 So.2d 913 (1972). The fact that the automobile involved was a red Ford Fairlane instead of a red Cougar is immaterial in view of the facts that it contained at least two individuals and was in the approximate location at the correct time for the sought after vehicle. Herrin v. State, Ala.Cr.App., 349 So.2d 103, cert. denied, Ala., 349 So.2d 110 (1977). Upon learning that the only identified suspect was in the automobile (the name of the other suspect being unknown either to the victims or the deputies) and that a pistol had reportedly been used in the commission of the crime, the deputies had the right and responsibility to subject each occupant of the automobile to a "pat-down" search.Hoppins v. State, Ala.Cr.App., 337 So.2d 134 (1976); Bates v.State, 48 Ala. App. 489, 266 So.2d 155 (1972); Crane v. State,55 Ala. App. 619, 318 So.2d 315 (1975). This right is recognized in Alabama by statute. Title 15, Section 118 (1)-(2), Code of Alabama 1940, Recompiled 1958 (§§ 15-5-30, 31, Code of Alabama 1975). This was the only reasonable course of action open to the deputies under these circumstances. The fact that a pistol (derringer) was found on the appellant, when considered along with the information available to the deputies when the automobile was stopped, was ample to supply the probable cause necessary for the proper arrest of the appellant. Hoppins, supra; Burrow v. State, 55 Ala. App. 24, 312 So.2d 596 (1975). Where a law enforcement officer has received information from a credible source leading to a reasonable belief on his part that an individual has committed a felony, it is not necessary to obtain a warrant in order to effect the arrest of that person.Burrow, supra; Gilbreath v. State, 54 Ala. App. 676,312 So.2d 81 (1975); Culbert v. State, 52 Ala. App. 167, 290 So.2d 235
(1974). Title 15, Section 154, Code of Alabama 1940, Recompiled 1958 (see Code of Alabama 1975, §§ 15-10-3).
A law enforcement officer may have probable cause for a warrantless arrest based on the identification or description of the suspect or his motor vehicle without knowing the identity of the person to be arrested. Sexton v. State, Ala.Cr.App., 349 So.2d 126 (1977); also Oatsvall v. State,57 Ala. App. 240, 327 So.2d 735, cert. denied, 295 Ala. 414,327 So.2d 740 (1975); Jackson v. State, 55 Ala. App. 334,315 So.2d 131, cert. denied, 294 Ala. 760, 315 So.2d 136, cert. denied,423 U.S. 898, 96 S.Ct. 202, 46 L.Ed.2d 132 (1975). The arresting officer may base his arrest on an official description of the suspect or his motor vehicle as where he receives information from a police radio bulletin or report describing the person or vehicle. Brown v. State, 55 Ala. App. 615, at 619, 318 So.2d 311 (1975); McClendon v. State, Ala.Cr.App., 341 So.2d 174, writ quashed, Ala., 341 So.2d 178
(1976). The identification or description of an offender or a motor vehicle may also be supplied to the police by the victim of or witness to an offense as well as by an informer. Turk v.State, 53 Ala. App. 106, 298 So.2d 37 (1974); Burrow v. State,55 Ala. App. 24, 312 So.2d 596 (1975); Thomas v. State,50 Ala. App. 227, 278 So.2d 230 (1973); Smith v. State, 51 Ala. App. 349, 285 So.2d 512, cert. denied, 291 Ala. 798, 285 So.2d 515
(1973).
While mere presence is never a sufficient basis for a finding of probable cause to arrest, presence when coupled with other circumstances may ripen suspicion into a reasonable belief capable of supporting a finding of probable cause.
For the reasons stated there was abundant evidence to support the finding of probable cause made by the trial court. Having reviewed the record in its entirety and finding no errors adverse to the substantial rights of the appellant, we are of the opinion that the judgment of conviction is due to be affirmed.
AFFIRMED.
All Judges concur. *Page 328