[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 160 
Defendant-appellant was tried on an indictment charging her with murder in the first degree of Tom Hadley. A jury found her guilty of murder in the second degree and fixed her punishment at imprisonment for twenty years, and the court sentenced her accordingly.
According to the undisputed evidence, the defendant and the victim were living together as husband and wife at 542 Cleveland Avenue where on July 14, 1979, he died from wounds inflicted upon him with a knife while he was at the nearby home of Willie Washington at 640 Cobb Street. The wounds had been inflicted late that morning, and the victim died some time that afternoon. The victim, defendant and Willie Washington were at Willie Washington's home at or about the time the wounds were inflicted. Defendant did not testify in the case, but a statement by her to the effect that she had cut the victim was admitted in evidence. No contention is made on appeal that the evidence was not sufficient to support the verdict, and we find no reasonable basis for such a contention.
The gist of the issue presented by appellant is that appellant's confession was "secured as a result of" an "illegal arrest" and for that reason the trial court was in error in permitting the introduction of the "confession" in evidence. We agree with appellant's conclusion that a confession is not admissible in evidence if it has been secured as a result of an illegal arrest. Reese v. State, 49 Ala. App. 167, 269 So.2d 622
(1972); White v. State, 45 Ala. App. 1, 221 So.2d 117 (1969). We also agree that when a defendant has been arrested without a warrant, his confession should not be admitted in evidence unless the arrest was lawful, and that "the burden is on the state to show that the arrest was lawful." Duncan v. State,278 Ala. 145, 176 So.2d 840 (1965); Knox v. State, 42 Ala. App. 578,172 So.2d 787 (1964). It remains only for us to decide whether a felony had been committed and whether the officer arresting defendant had reasonable cause at the time of the arrest to believe that the defendant committed the felony. Code of Alabama 1975, § 15-10-3 (3). Appellant does not question the fact that a felony had been committed. She says the arresting officer did not have at the time of the arrest reasonable cause to believe that defendant had committed it.
At the time of the arrest without a warrant,[1] which was about 11:00 P.M., the officer making the arrest learned either first hand or from information supplied him by other officers that the felonious homicide had occurred, that defendant had said that the victim had told her, while he was in his injured condition, that someone had broken into the house and had cut him. The officer making the arrest testified that he had talked with Willie Washington and obtained information from him as shown by the following part of the officer's testimony:
 "A. He stated that he saw the Defendant, Annie Pearl Hadley, with a knife in her hand at his house.
 "Q. Did he say whether or not Annie Pearl Hadley did anything with that knife?
"A. He said she struck at him with the knife.
"Q. Struck at whom?
"A. Tom Hadley, the deceased.
 "Q. Okay. Did he tell you whether or not he saw Tom Hadley?
"A. Yes. Tom Hadley had been at his house.
 "Q. Okay. Did he relate or state to you whether or not Tom Hadley had been cut or was bleeding or anything like that? *Page 161 
 "A. He did, because he attempted to stop the bleeding.
"Q. After the cutting, what, if anything, happened?
 "A. The subject was sitting in a chair as you enter the home on the . . .
"Q. That is the Cobb Street address?
 "A. That is correct. There was a great amount of blood there and a trail of blood leading from there through to the bedroom, kitchen and bedroom where there was a great deal more blood. And this is where the subject . . . Willie Washington attempted to wrap a pair of pajamas, I believe, to stop the bleeding.
"Q. Did Mr. Hadley ever leave the residence?
 "A. He did and went from there over to his apartment on Cleveland Avenue.
 "Q. Now, when you say Mr. Washington said that Annie Pearl is the one who cut him . . .
"A. That is correct.
 "Q. . . . approximately what time are you talking to Mr. Washington?
 "A. I talked to him quite some time. I advised him of his rights at 4:50 p.m., and I talked to him for several hours. I think it was around Eight O'clock or so when I took a statement from him."
In arguing that the officer did not have probable cause for believing that defendant had committed a felony, appellant attempts to fit Willie Washington into the category of an informant or informer whose credibility has not been shown and whose uncorroborated information should not be deemed trustworthy enough to furnish probable cause for belief that the information furnished by him is true. He relies upon such cases as Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509,12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410,89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and Payton v. State,47 Ala. App. 347, 254 So.2d 351 (1971). In our opinion, Willie Washington was not the type of informer or informant considered in those and many other cases.
In Alexander v. State, Ala.Cr.App., 337 So.2d 99, we noted that a failure to distinguish between an "informant" and an "informer," as those words are distinguished by authoritative lexicographers, has contributed to some confusion on the subject and has caused, it seems, some to think that "information" from another can never furnish probable cause for belief in the truth of the information, in the absence of corroboration or the establishment of the credibility of the informant. Such is not correct. The principle requiring one of said alternatives as to the one giving the information has been applied usually, if not always, to persons who covertly supply information to law enforcement authorities. Willie Washington did not come within that category.
Good reasons for not requiring the corroboration or establishment of the credibility of all persons furnishing information to law enforcement officials before they can be held to have probable cause for believing such information, are fluently given in Loveday v. State, 74 Wis.2d 503,247 N.W.2d 116 (1976) and State v. Paszek, 50 Wis.2d 619, 184 N.W.2d 836
(1971).
 "The defendant claims Garza may not be considered a citizen informer because he has a criminal record. This claim, however, is not based upon a determinative distinction between citizen informers and traditional police informers. It is clear that the critical distinction between these types of informers is the expectation of some gain or concession in exchange for the information. In Paszek
this court stated at 630-31, 184 N.W.2d at 843:
 "`However, an ordinary citizen who reports a crime which has been committed in his presence, or that a crime is being or will be committed, stands on much different ground than a police informer. He is a witness to criminal activity who acts with an intent to aid police in law enforcement because of his concern for society or for his own safety. He does not expect any gain or concession in exchange for his information. An informer of this type would not have more than one opportunity to supply information to the police, thereby *Page 162 
precluding proof of his reliability by pointing to previous accurate information which he has supplied.'
 "The record reveals that Garza was not and never had been a police informer. He is not unnamed in this case. He witnessed a confession of this crime by the defendant and communicated the statement to police, not for consideration from the police, but merely to cooperate. He qualifies as a citizen informer" Loveday v. State, 247 N.W.2d 116, 128.
It is correct, as appellant suggests, that gullibility to the extent of believing practically everything anyone else says can readily result in a failure to have probable cause for a belief. Thus we find:
 "The citizen informer rule does not dispense with all requirements of credibility, and an untested informant may not be accorded reliability where his statements lack specificity and evidence of personal knowledge. The reliability of a citizen informer should be evaluated from the nature of his report, his opportunity to see and hear the matter reported, and the extent to which it can be verified by independent police investigation." 6A C.J.S. Arrest § 29 (b)
Information obtained from Willie Washington contained "specificity and evidence of personal knowledge" and was based upon seeing defendant striking at the victim with a knife, which, when considered by the officers with what they had actually found themselves or otherwise learned that the victim had died soon thereafter at his home and that defendant was in his home at the time, furnished strong probable cause for belief that she had feloniously killed him. Her arrest was not illegal.
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.
[1] There may be some question as to whether there was an actual arrest without a warrant, as distinguished from a temporary detention for the purpose of further investigation. We find it unnecessary to decide that question.