Robert Lee Traylor was found guilty of burglary in the third degree in violation of § 13A-7-7, Code of Alabama 1975. Sentence was thirty months' imprisonment.
On May 7, 1981, at approximately 8 a.m., Ellis Brasfield left her apartment at 2716 Thirteenth Avenue North, Apartment 1, to go to work. Later that day, after receiving a call from her landlady, she returned to her apartment. Her door had been "busted," window panes broken, and she discovered her stereo receiver, turntable, tape recorder, and television were missing. Mrs. Brasfield later saw these missing items at the north precinct police station in Birmingham.
Angel Awad owns and resides at the apartment building in which Mrs. Brasfield lives. Mrs. Awad was in her apartment lying down when she heard a noise. She looked out her window and saw a man, whom she identified as the appellant, sitting in a car. When Mrs. Awad went into the next room to get a gun, she heard another noise which sounded like something breaking. She then looked out her bedroom window and saw a man running. *Page 180 
Mrs. Awad then went to the front room window again but did not see the appellant. When she went outside to check the apartments, she noticed the door to Mrs. Brasfield's apartment was broken, the screens were torn, and there was glass on the floor. Several of Mrs. Brasfield's belongings were next to the door.
At this point, she saw a policeman standing across the street, and she went to speak to him. While Mrs. Awad and the policeman were talking, a patrol car drove up.
Mrs. Awad then got into the front seat of the patrol car and spoke to the appellant, who was in the back seat. She asked him ". . . why do you all go and break, you broke my home and you stole all of this stuff. Why do you do it?" The appellant replied that he just drives the man around who does the stealing.
On May 7, 1981, at 2:10 p.m., John Nunnellee, an officer with the Birmingham Police Department, received a call concerning a burglary in progress. He also was given a description of a suspect and a vehicle. As he was arriving at the scene, a blue Ford, driven by a black male, drove away. The vehicle matched the description he had been given, so he pursued the car and stopped it approximately four blocks from Mrs. Brasfield's apartment. When a back-up unit arrived, Officer Nunnellee asked the appellant to get out of the car, and he then patted the suspect down. The appellant was placed in the patrol car.
An inventory search was made of the contents of the vehicle the appellant was driving, and a Panasonic 8-Track Recorder, a Panasonic turntable, a Quasar 19" color television, and one Fisher amplifier were found in the trunk.
Officer Nunnellee then took the appellant back to the scene. When he arrived, Mrs. Awad came out of the apartments, pointed her finger, and asked to speak with the appellant. He does not recall if he gave her an answer because he was on his way to Mrs. Brasfield's apartment.
 I
The appellant claims the State failed to prove a prima facie case and, therefore, the verdict was contrary to the evidence.
 "In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude." (Citations omitted.) Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1979).
The State presented evidence that the appellant was seen sitting in a car outside of the apartments where Mrs. Brasfield lived at the time the burglary occurred. Officer Nunnellee stopped the appellant in his car about four blocks from Mrs. Brasfield's apartment. He had received a description of the appellant and his vehicle and had observed the appellant drive away from the scene of the burglary. The stolen property was recovered in the trunk of the appellant's vehicle, and the appellant admitted driving his vehicle for the man who did the actual stealing.
The trial judge instructed the jury on the law of complicity and on the elements of burglary in the third degree. Thereafter, the jury found the appellant guilty of the offense charged.
From our examination of the record, we find that there was, in fact, sufficient evidence presented by the State, from which the jury could conclude, by fair inference, that the appellant was guilty of the offense of burglary in the third degree.
 II
The appellant's contention, that his statement to Mrs. Awad is inadmissible because he had not been informed of his Miranda
rights, is without merit. It is clear that Miranda has no application when an inculpatory statement is made to a private citizen. Kelley v. State, 366 So.2d 1145 *Page 181 
(Ala.Cr.App. 1979). Miranda only applies to custodial interrogation of a suspect by the police. Terry v. State,397 So.2d 217 (Ala.Cr.App.), writ denied, 397 So.2d 223 (Ala. 1981).
Therefore, the appellant's inculpatory statement made to Mrs. Awad was properly admitted.
 III
The appellant contends the police lacked sufficient probable cause to effectuate his arrest and conducted an unreasonable search and seizure of his automobile and, therefore, his motion to suppress should have been granted.
 A
In order to address these issues which the appellant raises on appeal, we must first determine whether the initial stop and seizure of the appellant was reasonable. To justify governmental intrusion upon the Fourth Amendment rights of a private citizen, specific and articulable facts must be present which, when taken together with rational inferences from those facts, would reasonably warrant such intrusion. Terry v. Ohio,392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Sterling v.State, 421 So.2d 1375 (Ala.Cr.App. 1982). In situations such as the case at bar, we must ask ". . . [W]ould the facts available to the officer at the moment of the seizure . . . `warrant a man of reasonable caution in the belief' that the action taken was appropriate?" Terry v. Ohio, supra; Daniels v. State,290 Ala. 316, 276 So.2d 441 (1973).
Section 15-5-30, Code of Alabama 1975, provides that a police officer may, without probable cause, "stop any person . . . in a public place whom he reasonably suspects is committing, hascommitted, or is about to commit a felony or other public offense and may demand of him, his name, address and an explanation of his actions." (Emphasis added.)
Furthermore, in Campbell v. State, 354 So.2d 325 (Ala.Cr.App. 1977), Judge Bowen stated that the police are justified in stopping an automobile after receiving a description of a suspect and his vehicle and after observing the suspect and the automobile in the general area of the crime at the approximate time it occurred. Therefore, the information Officer Nunnellee received and the observation he made clearly gave him a valid reason for believing the appellant was involved in the burglary in question and justified the initial stop of the appellant's automobile.
 B
Next, we must determine whether the appellant's arrest was lawfully made. Section 15-10-3, Code of Alabama 1975, allows a police officer to effectuate a warrantless arrest if at the moment the arrest was made, the officer had reasonable and probable cause to make it. White v. State, 45 Ala. App. 1,221 So.2d 117 (1969).
From our examination of the facts in this case, we are convinced Officer Nunnellee had probable cause to arrest this appellant.
 ". . . Where a law enforcement officer has received information from a credible source leading to a reasonable belief on his part that an individual has committed a felony, it is not necessary to obtain a warrant in order to effect the arrest of that person. Burrow, supra; Gilbreath v. State, 54 Ala. App. 676, 312 So.2d 81 (1975); Culbert v. State, 52 Ala. App. 167, 290 So.2d 235 (1974). Title 15, Section 154, Code of Alabama 1940, Recompiled 1958 (see Code of Alabama 1975, §§ 15-10-3).
 "A law enforcement officer may have probable cause for a warrantless arrest based on the identification or description of the suspect or his motor vehicle without knowing the identity of the person to be arrested. Sexton v. State, Ala.Cr.App. 349 So.2d 126
(1977); also Oatsvall v. State, 57 Ala. App. 240, 327 So.2d 735, cert. denied, 295 Ala. 414, 327 So.2d 740
(1975); Jackson v. State, 55 Ala. App. 334, 315 So.2d 131, cert. denied, 294 Ala. 760, 315 So.2d 136, cert. denied, 423 U.S. 898, 96 S.Ct. 202, 46 L.Ed.2d 132
(1975). The arresting officer may base his arrest on *Page 182 
an official description of the suspect or his motor vehicle as where he receives information from a police radio bulletin or report describing the person or vehicle. Brown v. State, 55 Ala. App. 615, at 619, 318 So.2d 311 (1975); McClendon v. State, Ala.Cr.App., 341 So.2d 174, writ quashed, Ala., 341 So.2d 178 (1976). The identification or description of an offender or a motor vehicle may also be supplied to the police by the victim of or witness to an offense as well as by an informer. Turk v. State, 53 Ala. App. 106, 298 So.2d 37 (1974); Burrow v. State, 55 Ala. App. 24, 312 So.2d 596 (1975); Thomas v. State, 50 Ala. App. 227, 278 So.2d 230 (1973); Smith v. State, 51 Ala. App. 349, 285 So.2d 512, cert. denied, 291 Ala. 798, 285 So.2d 515 (1973)." Campbell v. State, supra.
Therefore, we hold that the arrest of the appellant was certainly valid.
 C
Lastly, we must determine whether the search of the appellant's automobile was reasonable.
 "The constitutional provision involved in this case is the Fourth Amendment to the United States Constitution. This amendment, of course, does not require that every search be made with a warrant. It only prohibits unreasonable searches and seizures. The reasonableness of the search and seizure must be examined rather than the reasonableness of the opportunity to procure a warrant. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976)." Sterling v. State, supra.
The Supreme Court of this State has recognized six circumstances in which the police may conduct a search of an automobile without first procuring a search warrant. SeeDaniels v. State, supra. One of these exceptions to the search warrant requirement is "[w]here `exigent circumstances' exist coincidental with `probable cause' (as in the case of movables.)" Daniels v. State, supra. This is commonly known as the "automobile exception."
 "The right to search and the validity of the seizure under the automobile exception is not dependent on the right to arrest. Rather, the search and the seizure are based on the probable cause the police officer has for belief that the automobile contains contraband or other illegal items. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).
 "A police officer is authorized to make a warrantless search of an automobile under the automobile exception whenever (1) he has probable cause to believe that the automobile contains evidence of a crime and (2) exigent circumstances which require an immediate search. See Moylan, The Automobile Exception, supra, at 987. The automobile exception, as established in Carroll v. United States, supra, is applicable only to searches of automobiles based on probable cause. United States v. Ross, [456] U.S. [798], 102 S.Ct. [2157], 72 L.Ed. 572 (1982). See also Ex Parte Vogel, [426 So.2d 882] No. 80-175 (Ala. July 23, 1982). A warrantless search is justified if it is based on facts which would be sufficient for the issuance of a warrant. United States v. Ross, supra." Sterling v. State, supra. ". . . `Probable cause exists when the facts and circumstances within the knowledge of the officers and of which they had reasonably trustworthy information are sufficient to cause the officers to conscientiously entertain a strong suspicion that the object of the search is in the particular place to be searched.' Hatton v. State, 359 So.2d 822
(Ala.Crim.App. 1977); People v. Gregg, 43 Cal.App.3d 137, 117 Cal.Rptr. 496 (1974); Carroll v. United States [267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543], supra." Sterling v. State, supra.
Officer Nunnellee certainly had good reason, after receiving a description of the appellant and his vehicle and then seeing him drive away from the crime scene, to suspect that the stolen articles were contained in the trunk of the appellant's vehicle. It is most likely that one would assume a thief would place stolen items in a trunk *Page 183 
of an automobile in an attempt to conceal them.
Thus, we find sufficient probable cause existed to justify the search of the trunk of the appellant's automobile.
 "Given the inherent mobility of automobiles, courts have recognized that, in certain instances, it is impractical, if not impossible, to secure a warrant to search an automobile before it is removed from the jurisdiction. United States v. Ross, supra. Thus, when exigent circumstances coexist with probable cause, police officers are justified in conducting an immediate search of the vehicle at the scene. United States v. Ross, supra.
 "However, the United States Supreme Court as well as the Supreme Court of this state, have upheld warrantless searches of automobiles where [there was] no indication that the automobile would be removed from the jurisdiction or that evidence within it would be destroyed. South Dakota v. Opperman, supra; Reid v. State, 388 So.2d 208 (Ala. 1980).
 "The United States Supreme Court in Chambers v. Maroney, supra, addressed the issue of exigent circumstances and held that `[F]or constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.' Hatton v. State, supra; Reid v. State, supra." Sterling v. State, supra.
Furthermore, we must note that the search could have been justified as a proper inventory of the appellant's vehicle.
We hold the search of the appellant's automobile trunk was reasonable and valid.
 IV
The appellant argues that defense counsel's motion for a mistrial should have been granted on the ground that the answers of one of the State's witnesses, Mrs. Awad, were unresponsive to defense counsel's questions.
From our examination of the record, it is obvious that the witness had some difficulty with the use of the English language. The majority of her answers were responsive, and those which were not did not prejudice the appellant. It is clear that the witness was not unresponsive intentionally and did the best she could and certainly the jury understood her problems with the English language.
The trial judge was in the best position to determine if the witness's answers prejudiced the appellant in any way, and, therefore, we hold the trial judge properly refused to grant defense counsel's motion for a mistrial.
 V
The appellant's contention that the trial court erred in charging the jury on the law of complicity is without merit. From our examination of the record, it is clear that the trial judge properly charged the jury on the law of complicity.
Furthermore, the record does not reveal the presence of any written charges made by defense counsel requesting further instructions or corrections concerning the judge's oral charge on the subject. Therefore, we cannot consider this issue on appeal. Smith v. State, 53 Ala. App. 657, 303 So.2d 157 (1974).
 VI
The appellant contends he was improperly sentenced because a full presentence investigation was not conducted even though he had requested one be done.
Section 13A-5-5, Code of Alabama 1975, provides that:
 "On motion of the court or written motion of either party, the court shall require a written report of a presentence investigation of a defendant convicted of a felony, and such defendant shall not be sentenced or otherwise disposed of before such report has been presented to and *Page 184 
considered by the court. (Acts 1977, No. 607, p. 812, § 1220.)
See also A.R.Crim.P.Temp. 3.
Immediately after the jury returned its verdict, defense counsel orally requested a presentence investigation but failed to make a written motion. The trial judge told defense counsel that he knew the appellant had no prior felony convictions and that he was only interested in the outcome of another case pending against the appellant. The trial judge then passed sentencing pending the completion of a presentence report.
At the sentencing hearing, the trial judge stated he received an abbreviated presentence report which showed that the appellant had been convicted in the pending case. Defense counsel objected because he felt the abbreviated report was not as complete as it should have been since it failed to include such matters as his mental status, his reputation in the community, his educational background, and his family history.
However, the trial judge gave defense counsel ample opportunity to bring any matter to the court's attention which might be beneficial to his client, but defense counsel refused to say anything on his client's behalf because he wanted the information to come from an objective source.
We fail to see any grounds for complaint. The trial judge ordered that the presentence investigation be conducted on his own motion. Furthermore, defense counsel refused to provide the court with beneficial information concerning his client when given the opportunity to do so.
Therefore, we hold the appellant was properly sentenced.
For the reasons stated above, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.