TYSON, Judge.
James Earl Caine was indicted for burglary in the third degree (§ 13A-7-7, Code of Alabama, 1975) and theft in the second degree (§ 13A-8-4, Code, supra). The jury found the appellant “guilty as charged” of both offenses and he was sentenced to fifteen years’ imprisonment in the penitentiary as a habitual felony offender. (R. 153).
William David Short testified that on October 9, 1983, he lived across the street from Edgar’s Store on the Opp Highway in Covington County, Alabama. Somewhere around 4:00 that morning, David Atchison and another man came to his door. He said the other man looked like the appellant and had a tatoo similar to the appellant’s. Short knew Atchison and Atchison told him their vehicle was stuck and asked for help.
Short agreed and drove the two men to their car which was stuck in a hole in a driveway of an unoccupied residence on a dirt road next to Edgar’s Store. Short described the car as whitish blue with spots on it which had been primed for painting.
A chain was hooked from Short’s truck to the car and then it was pulled out of the hole. Short then proceeded home. When he arrived at home, he saw the same car stop under a light outside Edgar’s Store. The car then left and returned a few minutes later. Short then saw Atchison go around the side of the store and he heard glass break. After the glass broke, he saw the car drive around to the side of the store. He then went to a neighbor’s house and called the police.
Short testified that the appellant was driving the car when he left the place where the car had been stuck. He also stated that he saw Atchison get out of the passenger side at the store.
Tamela Short stated that her husband awakened her on that morning and told her that someone was breaking in Edgar’s *25 Store. When she looked out of the window, she saw Atchison take some things from the store to a tree and then motioned the car to come around to the tree. The car then drove around to where Atchison was and the items were put in the car. The car then drove away, with no lights on, toward Andalusia.
Richard Edgar testified that his mother operated Edgar’s Store on the date in question. When he arrived at the scene, the front door had been broken and the back door was open. He stated that the drink box, where beer was kept, was open and the cigarette display was out of order.
Nell Edgar, the operator of Edgar’s, testified that when she left the store the night before it was locked. The next day she discovered at least two cases of beer were missing.
Sheriff Dan Harrell stated when he arrived at Edgar’s Store at 4:45 a.m., he was given a description of the car. Around 7:00 that morning, the car was found parked in front of a house in Andalusia. The appellant was found in the vehicle along with Atchison. There were 24 cans of Budweiser beer and some cigarettes in the back seat of the car. Harrell felt the beer and it was cold.
Dolly Daughtery, the appellant’s mother, stated that the appellant got home that morning at 5:15 a.m. She woke up when the police arrived. She testified that the appellant had a drinking problem.
David Atchison testified that he got together with the appellant around 10:00 on the night preceding the morning in question. The two rode around Andalusia in the appellant’s car and drank heavily. They stopped several times at the Tom Thumb store to buy beer.
At some point, the two began talking about painting the appellant’s car. Atchi-son told the appellant that he knew someone with a spray gun and that person lived out on the Opp highway beside Edgar’s Store. When the two arrived at this residence it was unoccupied. The appellant’s car became stuck in this driveway. Since Atchison knew David Short, he and the appellant went to Short’s house for help. Short pulled the car out of the hole with his truck and then went home.
The appellant drove his car to Edgar’s Store and then stopped because he was having problems with the car’s gears. At-chison got out of the car and fixed the problem. When he got back in the car they headed toward Opp. A few minutes later Atchison got the idea to burglarize Edgar’s Store. He told the appellant to turn around and go back toward Andalusia. At-chison persuaded the appellant to let him drive the car. The appellant got into the back seat and passed out.
When the ear arrived back at Edgar’s Store, Atchison got out and broke the glass out of the door. He then went inside, found nothing inside the cash register, and opened the back door. Atchison went to the cooler, took out eight or ten cases of beer and set them beside a tree outside the store. He also took two or three cartons of Winston cigarettes.
Then Atchison went back to the car and drove around to where he had placed the beer under the tree. The beer and cigarettes were loaded into the back seat of the car. Atchison then drove back to Andalusia and hid the beer and cigarettes in some woods. He then drove to the appellant’s mother’s house and woke the appellant up. The appellant went in the house and came out a few minutes later and said he was going to his girlfriend’s house. He got behind the wheel and Atchison was in the passenger seat. The two dozed off and the police arrested them.
Atchison testified that he pled guilty to this burglary and was presently serving time for this offense.
I
The appellant challenges his convictions on the ground that he was. passed out during the time Atchison was in the store and, therefore, could not be guilty of those offenses.
*26 We reject this argument. Although the defense did present evidence that the appellant had, indeed, passed out during this time, the State presented evidence that the appellant did, in fact, participate in the burglary and theft of Edgar’s Store.
William David Short testified that, shortly before he heard the glass door break at Edgar’s Store, he saw Atchison get out of the passenger side of the appellant’s car. Tamela Short stated that, after she saw Atchison take the beer out of the store, he motioned toward the car and it pulled around to the place where Atchison was waiting. There was no evidence that anyone else was with the appellant and Atchi-son during this period of time and it would be ludicrous to assume that the appellant’s car drove itself. Based on the testimony of the Shorts, we conclude that there was evidence presented by the State from which the jury could adduce that the appellant did participate in the burglary and theft with Atchison. See Sales v. State, 435 So.2d 242 (Ala.Crim.App.1983); Traylor v. State, 439 So.2d 178 (Ala.Crim.App.1983); Pennington v. State, 420 So.2d 845 (Ala.Crim.App.1982).
This court will not overturn a conviction on the basis of insufficiency of the evidence unless we are convinced that the verdict is wrong and unjust. Johnson v. State, 378 So.2d 1164 (Ala.Crim.App.1979). We do not find such to be the case in this cause.
For the reasons stated, the judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.