ON APPLICATION FOR REHEARING
COBB, Judge.
This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17, 1995.
This court’s unpublished memorandum and decision of August 13, 1993, are hereby set aside and the following opinion is substituted therefor.
In a trial de novo, after having been found guilty in the municipal court of the City of Henagar, Alabama, the appellant, James Carson Lambert, was convicted in the Circuit Court of DeKalb County, Alabama, of assault in the third degree, in violation of § 13A-6-22, Code of Alabama 1975. His sentence was split and he was ordered to serve 18 months on probation and, after evaluation, if he did not meet the conditions of his probation, he was to serve six months in the municipal jail.
The prosecution’s evidence tends to establish the following. On August 30, 1991, the appellant and Tommy Tozzi, a relative of the appellant’s, were arguing about family property located in front of the appellant’s trailer, which was adjacent to the home of the grandmother of Gary Gant, the victim, and also Tozzi’s brother. The appellant told Tozzi to leave the property. The appellant asserts that Tozzi began fighting with him, and the appellant says he picked up a board and forced Tozzi to retreat across the road. Gant was driving by and saw Tozzi across the road.
Gant stopped and asked Tozzi about what was happening. Tozzi explained to Gant that Tozzi could not get his car, which he had left on the family property, because the appellant would not let him retrieve it. Gant told the appellant and Tozzi to stop fighting because it was upsetting his grandmother, who had seen the fight. Gant then went to the edge of the appellant’s yard and talked with his grandmother. After speaking to his grandmother, Gant asked the appellant and Tozzi to leave. As he turned, the appellant struck Gant on the head with the board.
After being struck with the board, Gant left the property, went to the police station to ask the police to break up the fight, and then went to the hospital. Gant received at least 18 stitches as treatment to his injuries as a result of the blow to his head.
*1031 The next day, Gant swore out a complaint against the appellant. On the day of the incident, the appellant had sworn out a complaint against Gant and Tozzi. Special prosecutors were appointed to assert the charges against the appellant and to defend the charges against Gant and Tozzi because the city prosecutor had spoken to all parties in an effort to resolve the matter. The municipal court found Gant and Tozzi not guilty, and in Gant’s action against the appellant found the appellant guilty. The appellant appealed and was granted a trial de novo in the circuit court. He was found guilty in circuit court of assault in the third degree.
I
The appellant first asserts that the circuit court did not have jurisdiction to hear the case against him because, he argues, the judgment of the municipal court was void in that he was not represented by counsel in the municipal court. This argument is without merit.
The record does not contain the municipal court proceedings. However, the city prosecutor, who had tried to resolve the cases before the trial in municipal court, testified that when the cases could not be resolved and trial was imminent, the cases were continued to allow the parties to obtain counsel. The municipal judge testified that counsel was appointed for each defendant, including the appellant, and that the appointed counsel was also a special prosecutor. In the appellant’s case, according to the municipal judge, Bob Jordan was appointed to defend the appellant and to prosecute Gant and Tozzi.
The appellant contends that because there was no written waiver of the right to an attorney, the appellant presumably was not represented by an attorney. He argues that, in the absence of an attorney, the proceedings in the municipal court were void and would not support an appeal to the circuit court. Gandy v. City of Birmingham, 478 So.2d 11 (Ala.Crim.App.1985). However, the facts adduced at the trial indicate that there was no written waiver of the right to an attorney because the appellant was, in fact, represented by counsel. Thus, the municipal court’s judgment was not void and the circuit court had jurisdiction to enter its judgment.
II
The appellant next argues that the trial court erred to reversal in sustaining the prosecutor’s objections to defense counsel’s questions regarding the prosecuting witness’s reputation within his family for violence in advancing the appellant’s claim of self-defense. Proof of Gant’s bad general reputation for peace and quiet or for violence is admissible to establish that Gant was the initial aggressor. Carter v. State, 442 So.2d 150 (Ala.Crim.App.1983); C. Gamble, McEl-roy’s Alabama Evidence § 33.01(3) (4th ed. 1991). Here, however, the appellant attempted to question Gant’s ex-wife about allegations she had made against the victim in divorce proceedings. The attempted questioning from defense counsel in this regard was properly limited because it was not in regard to Gant’s general reputation. Rather, the questioning was an attempt to elicit specific acts of misconduct toward his ex-wife.
Moreover, the appellant’s other evidence did not tend to establish that Gant may have been the initial aggressor. The appellant testified that Gant did not have anything in his hands when he was on his grandmother’s property, that he did not make any threatening motions with his hands, that did not make any verbal threats as he approached the appellant’s property, and that he did not touch the appellant. Nonetheless, the appellant stated that as Gant approached him, he swung the board he was holding like a baseball bat and hit Gant in the head.
When the evidence will not support a defendant’s theory of self-defense, the victim’s alleged bad reputation for peace and quiet is not admissible under the general exclusionary rule. “Proof of the victim’s bad general reputation for peace and quiet, violence or like trait is not admissible if the undisputed evidence clearly shows that the accused was at fault in bringing on the difficulty.” McElroy’s, § 33.01(2); see also, Burrow v. State, 55 Ala.App. 24, 312 So.2d 596 (Cr.Ct.1975), Lebo v. State, 55 Ala.App. 624, *1032 318 So.2d 319, 323 (1975), cert. denied, 294 Ala. 763, 318 So.2d 324 (Ala.1975).
III
Last, the appellant asserts that the complaint initiating the case against him did not allege intent, a necessary element of assault in the third degree. Therefore, the appellant argues, the complaint is void and does not support an appeal for trial de novo or the circuit court’s jurisdiction. He cites Gandy as authority for this argument.
On the date that the case came to be tried in the municipal court, the complaint was amended to include the necessary element of intent. In fact, the case action summary from the municipal court states, “10/8/91 — Amended to add, ‘With intent to cause physical injury, did cause physical injury.’ ” The amendment is signed by the municipal judge. The appellant argues that the amendment is ineffective because it was made without his consent.
Rule 13.5(a), Ala.R.Crim.P., provides:
“A charge may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment. The court may permit a charge to be amended without the defendant’s consent, at any time before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.”
Here, the complaint was improperly amended to charge the element of intent. Even had the appellant consented to the amendment, the amendment added a new charge to the complaint. Thus, the amendment was impermissible. Ross v. State, 529 So.2d 1074 (Ala.Crim.App.1988). Therefore, the judgment is due to be reversed and the cause remanded to the circuit court.
DECISION OF AUGUST 13, 1993, WITHDRAWN; APPLICATION GRANTED; REVERSED AND REMANDED.
All the Judges concur.